## EMILIO DELGADO, Complainant,

### v.

## GEORGE S. LATIMER, HIS WIFE ROSARIO TAPIA DE LATIMER, AND CONSUELO LATIMER DE DELGADO, Defendants.

---

San Juan, Equity, No. 1029.

DOMICIL.

Domicil—Military Service.

The fact that an American citizen in Porto Rico moves to New York to secure employment, and was registered for military service, does not amount to a change of domicil, when, in point of fact, he came back to Porto Rico.

Opinion filed April 27, 1920.

Delgado v. Latimer.

*Mr. E. B. Wilcox* for the plaintiff.

*Mr. H. G. Molina* for the defendants.

HAMILTON, Judge, delivered the following opinion:

By agreement of parties, the question of jurisdiction as dependent upon domicil is set down separately, and will now be determined.

The principles of domicil have been several times settled in this court, and need not be discussed. It depends upon event of residence and the intention to remain. It has been settled ever since the time of the Roman Jurisconsults that actions speak louder than declarations in such matters. Marks v. Marks, 75 Fed. 327; Sharon v. Hill, 11 Sawy. 290, 26 Fed. 337 (C. C.)

In the case at bar, the plaintiff left his old home in Porto Rico to seek employment in New York, but it is not shown that he secured any permanent employment there. His wife, child, and the property now in dispute, were and are in Porto Rico. He was registered in New York under the New York Act of March 29, 1917, chapter 103, authorizing "a census and inventory of the resources of the state, available for use in the event of war." His registration card was put in evidence. The wording of this act is not decisive, and in all events this legislation seems designed not so much to ascertain who were residents and what was their property, as to ascertain what persons and properties were within the state limits.

More important is the letter which he wrote to his wife seeking reconciliation upon plaintiff's return to Porto Rico. He

Delgado v. Latimer.

now states that he came back, intending to remain in the event of reconciliation or during dependency of the present suit, with the ultimate intention of returning to New York. The letter in question, however, shows a very creditable spirit of love for his home and family, and gives no intimation of any intention to do other than remain in Porto Rico. It is not conclusive, but tends to show the intention to return to Porto Rico, if not the feeling that he had never left except temporarily.

The burden is on the plaintiff to prove his domicil in New York, and this is not satisfactorily shown to the mind of the court.

Performing jury duty in Porto Rico is not material, as that duty extends to American residents, whether domiciled or not. Voting is not in this case, but would not be material despite Shelton v. Tiffin, 6 How. 185, 12 L. ed. 397, which was a dictum, Gaddie v. Mann, 147 Fed. 955.

In Barry v. Edmunds, 116 U. S. 550, 29 L. ed. 729, 6 Sup. Ct. Rep. 501, it is held that the conviction of the judge from the events on the record must amount to a legal certainty. Wetmore v. Rymer, 169 U. S. 115, 42 L. ed. 682, 18 Sup. Ct. Rep. 293. The conviction of the court in the case at bar amounts to such a certainty that the plaintiff either never acquired a domicil in New York, or, if he did, that he moved back to Porto Rico with the intention which gave him again his domicil here. Winn v. Gilmer (C. C.) 27 Fed. 817; Rucker v. Bolles, 25 C. C. A. 600, 49 U. S. App. 358, 80 Fed. 504; Alabama G. S. R. Co. v. Carroll, 28 C. C. A. 207, 52 U. S. App. 442, 84 Fed. 780; Corel v. Chicago, R. I. & P. R. Co. (C. C.) 123 Fed. 452; Harding v. Standard Oil Co. 182 Fed. 426; Mitchell v. United States, 21 Wall. 352, 22 L. ed. 587; Molina v. Correa, 10

Delgado v. Latimer.

Porto Rico Fed. Rep. 287; Scoville v. Soler, 10 Porto Rico Fed. Rep. 308.

The application to dismiss must, therefore, be granted.

It is so ordered: